ORDERED.

Dated: **November 29, 2016**

_/s/ Roberta A. Colton_
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Paul A. Barrera and | ) | Case No.  8:10-bk-26730-RCT |
| Katherina G. Barrera, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |

**MEMORANDUM DECISION ON**
**DEBTORS' MOTION TO AVOID JUDGMENT LIEN**

A judgment lien will generally survive a chapter 13 discharge.  But when, as here, the creditor files a wholly unsecured proof of claim, the claim is expressly allowed as unsecured in court orders, and the claim is treated and paid as unsecured for five years under a confirmed plan, survival of the creditor's lien is less clear.

After completing a chapter 13 plan and receiving a discharge, Paul and Katherina Barrera ("Debtors" or "Barreras") now seek to avoid a prepetition judgement lien because it impairs exemptions allowed to them under Florida law (the "Motion"). (Doc. 102).  They rely on section 522(f) of the Bankruptcy Code.[1]  Gerard Services, Inc., "as assignee of Chase Bank" ("Gerard"), holds the subject lien and responds to the Motion.  (Doc. 104).  During oral argument, the issue of

---

[1] Unless otherwise indicated, statutory references at to 11 U.S.C. §§ 101–1532 ("Code" or "Bankruptcy Code").

whether Gerard waived its lien was raised for the first time. The parties were therefore invited to file supplemental authorities to support their respective positions. Only Gerard accepted this invitation. (Doc. No. 105).

## BACKGROUND

In 2007, Chase Bank obtained a judgment against Katherina Barrera for $7,281.41, plus interest at 11%. The judgment was recorded in the public records, creating a lien against the Barreras' home. Shortly thereafter, in 2008, the judgment was assigned to Gerard, who recorded the judgment with the Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles, creating a lien on the Barreras' 2001 Toyota Highlander (the "Vehicle").

Two years later, in 2010, the Barreras filed a joint chapter 13 petition, listing Gerard as an unsecured creditor in their bankruptcy schedules. Their home was claimed as a fully exempt asset. The Vehicle was valued at $4,000 and claimed exempt to the extent of $1,500. (Doc. 1).

Gerard, in turn, timely filed an "UNSECURED" proof of claim for the full amount of the unsatisfied portion of its judgment—$8,441.16. (Claim No. 7-1). The claim was signed by the attorneys representing Gerard. Although a copy of the recorded judgment was attached to the claim, the Vehicle's certificate of title was not.[2] No one objected to Gerard's claim, and Gerard never amended its claim.

In 2011, Debtors' amended chapter 13 plan was confirmed by order of this court. ("Confirmation Order") (Doc. 42). The confirmed plan proposes to pay Gerard's claim as wholly unsecured over 60 months. Gerard did not object to confirmation of the plan or appeal the Confirmation Order.

Three months later, a second order was entered by the court allowing Gerard's claim as an

---

[2] The certificate of title eventually was attached to Gerard's response to the Motion. (Doc. No. 104).

2

"unsecured claim" for $8,441.16. ("Allowance Order") (Doc. 44). No request for rehearing or appeal followed entry of the Allowance Order.

For nearly five years, Gerard was paid as a fully unsecured creditor. (Docs. 37, 42). Payments were calculated by the chapter 13 trustee based on the Allowance Order. Gerard was one of twelve unsecured creditors paid under the plan.

In 2016, Debtors made their final plan payment and received a discharge. (Doc. 94). The total dividend paid to unsecured creditors was 4.5%. (Doc. 101).

Debtors now argue that Gerard has waived its lien, and that Gerard's unsecured claim has been discharged. Thus, the previously recorded liens against their home and the Vehicle should be avoided as impairing the homestead and vehicle exemptions permitted under Florida law.

Gerard responds that the discharge has no effect on its prepetition judgement lien, and the lien remains enforceable to the extent permitted by Florida law. Gerard concedes that its lien against Debtors' home may be avoided because it impairs the homestead exemption, but that an enforceable lien exits against the Vehicle, except to the extent of the $1,500 allowed exemption.

DISCUSSION

A secured creditor has several options in a bankruptcy case: (1) file an unsecured proof of claim and surrender its security; (2) file a secured proof of claim and share as an unsecured creditor to the extent it is undersecured; or (3) abstain from participating in the case and rely solely on its lien. *U.S. Nat'l Bank in Johnstown v. Chase Nat'l Bank of N.Y.C.*, 331 U.S. 28, 33–34 (1947); *Salyersville Nat'l Bank v. Bailey (In re Bailey)*, 664 F.3d 1026, 1029 (6th Cir. 2011); *Herckner v. United States*, No. Civ. 04-5898(GEB), 2005 WL 1303472, at *2 (D.N.J. 2005). Once a secured creditor selects a path, it generally must stay the course. *Bailey*, 664 F.3d at 1029.

Indeed, the law has long recognized that when a secured creditor elects to be paid as fully

unsecured, that creditor's right to later assert a secured claim is waived. *Liddle & Robinson, L.L.P. v. Daley* (*In re Daley*), 224 B.R. 307, 312 (Bankr. S.D.N.Y. 1998) (collecting cases).[3] The record here establishes such a waiver.

As was its right, Gerard elected to be paid as an unsecured creditor. That election was attested to by its attorneys, who signed and filed the proof of claim. It was memorialized by two orders: the Confirmation Order and the Allowance Order. *Pro rata* payments were calculated and paid by the chapter 13 trustee based upon the election. Gerard was paid as a fully unsecured creditor for five years, and the chapter 13 case is now finished. These facts demonstrate a voluntary waiver and abandonment of Gerard's lien rights. *Bailey*, 664 F.3d at 1029; *In re Krahn*, 124 B.R. at 80–81.

Once waived, Gerard may not use its lien for further recovery against the Debtors' property. This is explained in *Winnecour v. Beneficial Consumer Discount Co.* (*In re Vybiral*), No. 09-25197-GLT, 2014 WL 4997336 (Bankr. W.D. Pa. 2014):

> Through its self-designation as an unsecured creditor, [Creditor] has effectively determined that it cannot, and will not, look to any other source of recovery on the Second Mortgage. By its own action, [Creditor] elected to receive a distribution as an unsecured creditor and forfeited its right to assert a secured claim . . . . At this late stage of the case, [Creditor] is bound by the position it asserts in the proof of claim . . . .

*Id.* at *6 (citations omitted); *accord Bailey*, 664 F.3d at 1029.

Although a timely amended claim may have saved its lien, like the secured creditor in *Vybiral*, Gerard is stuck with its decision. Too much time has passed. The Barreras' chapter 13 is

---

[3] *See In re Burr Mfg. & Supply Co.*, 217 F. 16, 20 (2d Cir. 1914) ("A secured creditor does not waive his security by proving his debt in the bankruptcy proceedings, if he proves it as a secured debt. But if he proves his debt as unsecured he waives the security."); *In re Workman*, 373 B.R. 460, 465 (Bankr. D.S.C. 2007) ("[A] creditor may waive any right to which it is entitled, including rights secured by a contract"); *In re Krahn*, 124 B.R. 78, 80–81 (Bankr. D. Minn. 1990) (holding that the IRS voluntarily abandoned its statutory lien where it amended its proof of claim to reclassify its secured claim as priority unsecured and general unsecured); *In re Acquisitions Plus, LLC v. Shapiro*, 7 A.D. 3d 957, 959 (N.Y. App. Div. 2004) ("[T]he combined acts of filing an unsecured proof of claim and participating in the distribution to unsecured creditors constitutes a surrender of the judgment's secured status . . . .").

4

finished. Plan payments have been completed. The discharge order is entered. The chapter 13 trustee has even filed her final report and account.

Gerard's supplemental authorities do not change this result. Of course, Gerard is correct that liens generally survive a bankruptcy discharge. But the cases cited by Gerard merely establish that a discharge of the underlying debt does not impact a secured creditor's ability to enforce a lien against property after bankruptcy. These cases do not address the enforceability of liens that do not survive bankruptcy because they are avoided or, as here, are waived.

Finally, nothing suggests that Gerard intended to game the claim-payment process, or that its unsecured claim was filed in error. Gerard may have calculated that its security was exhausted by collection efforts in the three years before bankruptcy, or that the Vehicle would be worthless by the end of the chapter 13. But consider what happens if Gerard's lien survives in spite its election to be paid as an unsecured creditor: Future secured creditors may follow suit to maximize their unsecured recovery, while keeping their liens safely under wraps for later. Such a result is unfair to a debtor, who may have grounds to value or otherwise challenge a lien. It is unfair to other unsecured creditors, who may have *pro rata* payments artificially reduced based on misleading information. And, it offends the bankruptcy process that relies on the candor of debtors and creditors alike.

In the end, even if Gerard had done nothing, its lien would have survived the bankruptcy. But Gerard's voluntary election to prove its claim as wholly unsecured, and events in the five years since that election, prevent further enforcement of its lien against Debtors' remaining property.

For the reasons stated, Debtors' Motion to Avoid Gerard's lien will be granted. A separate order consistent with this decision will be entered.

Attorney Marshall G. Reissman is directed to serve a copy of this memorandum decision on interested parties and file a proof of service within 3 days of entry of the order.